UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVE BRACKETT, KEVIN MURPHY,
DARIUSZ KEPCZYNSKI and BRUCE
HARVEY,

       Plaintiffs,

Civil Action No. 2:09-cv-10048

v.

Hon. Denise Page Hood

SIEMENS VDO AUTOMOTIVE Corp., a
Delaware corporation, SIEMENS VDO CORP.,
a foreign corporation, now known as CONTINENTAL
AUTOMOTIVE SYSTEMS US, INC.,

       Defendants.

___

| OGNE ALBERTS & STUART | BUTZEL LONG |
|---|---|
| By: **Dennis D. Alberts (P26348)** | By: **Mark T. Nelson (P27305)** |
|     **Michael A. Ross (P45266)** |     **James J. Boutrous II (P53710)** |
| 1869 E. Maple Road | 150 West Jefferson, Ste. 100 |
| Troy, MI 48083 | Detroit, MI 48226 |
| 248/362-3707 | 313/225-7000 |
| **Attorneys for Plaintiffs** | **Attorneys for Defendants** |
| Email: dalberts@oaspc.com | Email: nelsonm@butzel.com |
|        mross@oaspc.com |        boutrous@butzel.com |

___

## **ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Siemens VDO Automotive Corporation (now known as Continental Automotive Systems US, Inc.), Continental Automotive Systems US, Inc. and Siemens VDO Corporation (an entity that does not exist)[1], by Butzel Long, their attorneys, respond to Plaintiffs' Complaint, as follows:

___

[1] Defendants are unaware of any corporate entity called or incorporated as Siemens VDO Corporation. Further, the name of Siemens VDO Automotive Corporation was changed to Continental Automotive Systems US, Inc. on or about December 3, 2007.

**GENERAL AND JURISDICTIONAL ALLEGATIONS**

1. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5. Defendants admit that Siemens VDO Automotive Corporation is a Delaware Corporation, is licensed to do business in Michigan and does conduct business in the State of Michigan. Defendants deny all remaining allegations contained in Paragraph 5.

6. Defendants deny the allegations contained in Paragraph 6. In support of their denial, Defendants affirmatively state that Plaintiffs were employed by Siemens VDO Automotive Corporation and were at-will employees.

7. Defendants deny the allegations contained in Paragraph 7. In support of their denial, Defendants state that Siemens VDO Automotive Corporation employees, including Plaintiffs, worked at Siemens VDO Automotive Canada, Inc.

8. Defendants admit the allegations contained in Paragraph 8.

9. Paragraph 9 is the legal conclusions of the pleader and no response is required.

10. Defendants deny the allegations contained in Paragraph 10. In support of their denial, Defendants affirmatively state that Plaintiffs were employed by Siemens VDO Automotive Corporation and were at-will employees.

11. Defendants deny the allegations contained in Paragraph 11. In support of their denial, Defendants affirmatively state that Plaintiffs were employed by Siemens VDO Automotive Corporation and were at-will employees.

12. Defendants deny the allegations contained in Paragraph 12. In support of their denial, Defendants state that Siemens VDO Automotive Corporation and Siemens VDO Automotive Canada, Inc. had business units called Powertrain Air Fuel (P AF Segment).

13. Defendants deny the allegations contained in Paragraph 13. In support of their denial, Defendants state that when P AF Segment business unit was sold to Mahle Industries, Inc., Plaintiffs Brackett, Murphy and Kepczynski accepted comparable employment at Mahle Industries, Inc. and, as a result, their employment with Siemens VDO Automotive Corporation ended. Plaintiff Harvey's employment ended with his retirement from Siemens VDO Automotive Corporation effective March 31, 2007.

14. Defendants admit only that Plaintiffs were employed by Siemens VDO Automotive Corporation, were at-will employees and did receive whatever benefits that each was entitled to receive at the time of the sale to Mahle Industries, Inc. Defendants deny all remaining allegations contained in Paragraph 14 and specifically deny that Plaintiffs were entitled to severance benefits.

15. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16. Defendants deny the allegations contained in Paragraph 16.

17. Defendants deny the allegations contained in Paragraph 17.

**COUNT I**

Defendants repeat their responses to Paragraphs 1 through 17 as if fully set forth herein.

18. Paragraph 18 is the legal conclusion of the pleader and, thus, no response is required. To the extent that it contains any factual allegations, Defendants deny the allegations contained in Paragraph 18 except that Defendants admit that they possess a copy of the Severance Pay Plan (effective January 2, 2002).

19. Paragraph 19 is the legal conclusion of the pleader and, thus, no response is required. To the extent that it contains any factual allegations, Defendants deny the allegations contained in Paragraph 19.

20. Paragraph 20 is the legal conclusion of the pleader and, thus, no response is required. To the extent that it contains any factual allegations, Defendants deny the allegations contained in Paragraph 20.

21. Paragraph 21 is the legal conclusion of the pleader and, thus, no response is required. To the extent that it contains any factual allegations, Defendants deny the allegations contained in Paragraph 21.

22. Paragraph 22 is the legal conclusion of the pleader and, thus, no response is required. To the extent that it contains any factual allegations, Defendants deny the allegations contained in Paragraph 22.

23. Paragraph 23 is the legal conclusions of the pleader and, thus, no response is required. In addition, the Siemens VDO Automotive Corporation Severance Pay Plan is the best evidence of its content and the pleaders' attempt to paraphrase or summarize its content is denied. Defendants also deny any remaining allegations contained in Paragraph 23.

24. Defendants deny the allegations contained in Paragraph 24.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 25.

26. Defendants deny the allegation contained in Paragraph 26.

27. Defendants deny the allegation contained in Paragraph 27.

**WHEREFORE**, Defendants request that Count I be dismissed with prejudice or, in the alternative, that a judgment of no cause for action be entered in favor of Defendants and against Plaintiffs with costs and attorney fees to be taxed.

## COUNT II

Defendants repeat their responses to Paragraphs 1 through 27 as if fully set forth herein.

28. Paragraph 28 is the legal conclusion of the pleader and, thus, no response is required. To the extent that Paragraph 28 contains factual allegations alleging that Defendants violated or breached any duty, Defendants deny any such allegation.

29. Defendants do not contest the Court's subject matter jurisdiction under ERISA.

30. Defendants admit that each Plaintiff was a participant in the Siemens VDO Automotive Corporation Severance Pay Plan, by virtue of their employment with Siemens VDO Automotive Corporation. Defendants deny any remaining allegations contained in Paragraph 30.

31. Defendants admit the allegations contained in Paragraph 31.

32. Defendants admit that Siemens VDO Automotive Corporation is a fiduciary of the Severance Pay Plan and that the Siemens VDO Automotive Corporation Severance Pay Plan Committee is the administrator of the Severance Pay Plan. Defendants deny any remaining allegations contained in Paragraph 32.

33. Defendants deny the allegations contained in Paragraph 33.

34. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34.

35. Defendants admit that no benefits under the Severance Pay Plan were paid to Plaintiffs. Defendants deny the remaining allegations contained in Paragraph 35.

36. Defendants deny the allegations contained in Paragraph 36.

37. Defendants admit only such duty as set forth in the Severance Pay Plan and as set forth in ERISA. Defendants deny any remaining allegations contained in Paragraph 37.

38. Defendants deny the allegations contained in Paragraph 38.

**WHEREFORE**, Defendants request that Count II be dismissed with prejudice or, in the alternative, that a judgment of no cause for action be entered in favor of Defendants and against Plaintiffs with costs and attorneys fees taxed as permitted by ERISA.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a cause of action.

2. Plaintiffs' breach of contract claim is preempted under the provisions of ERISA, 29 U.S.C. § 1144.

3. Plaintiffs' claims are barred for their failure to exhaust the administrative remedies set forth in the Severance Pay Plan.

4. Plaintiff Harvey's claim is barred by his decision to voluntarily retire from Siemens VDO Automotive Corporation effective March 31, 2007.

5. The claims of Plaintiffs Brackett, Murphy and Kepczynski are barred, upon information and belief, by their acceptance of an offer of substantially comparable employment with Mahle Industries, Inc. on or about May 31, 2007.

6. Plaintiffs have no right to a jury trial under ERISA and the demand for a jury trial should be stricken.

7. Defendants reserve the right to supplement or revise their affirmative defenses during the course of discovery in this matter.

**WHEREFORE**, Defendants request that Plaintiffs' Complaint be dismissed with prejudice, or, in the alternative, a judgment of no cause for action be entered in favor of Defendants and against Plaintiffs with costs and attorney fees to be taxed as permitted by law.

Respectfully submitted,

s/Mark T. Nelson (P27305)
s/James J. Boutrous II (P53710)
**BUTZEL LONG**
150 West Jefferson, Ste. 100
Detroit, MI 48226
313/225-7000
E-mail: nelsonm@butzel.com
boutrous@butzel.com

Dated: January 12, 2009

# CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2009, I electronically filed the foregoing paper and Certificate of Service with the Clerk of the Court using the ECF system.

>s/Mark T. Nelson (P27305)
>BUTZEL LONG
>150 West Jefferson, Ste. 100
>Detroit, MI 48226-4450
>313/225-7000
>E-mail:  nelsonm@butzel.com

1048907.1